

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

No. 07-18-00422-CV

MARKUS GARZA, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

On Appeal from the 286th District Court
Hockley County, Texas
Trial Court No. 16-11-8959, Honorable Pat Phelan, Presiding

February 13, 2019

## MEMORANDUM OPINION

Before QUINN, C.J., and CAMPBELL and PARKER, JJ.

Appellant Markus Garza, proceeding pro se, filed a notice of appeal in the above-referenced cause without paying the requisite filing fee.[1] By letter dated January 24, 2019, this Court notified Garza that the required filing fee of $205 did not accompany the

---

[1] Pursuant to a plea bargain agreement, Garza was convicted of possession of a controlled substance and sentenced to twelve months' confinement in a state jail facility on October 22, 2018. That day, the trial court also signed an *Order to Withdraw Funds* from his inmate trust account. *See* TEX. GOV'T CODE ANN. § 501.014(e) (West Supp. 2018). Garza only appealed the trial court's *Order to Withdraw Funds*. Accordingly, this is a civil appeal. *See Harrell v. State*, 286 S.W.3d 315, 318-19 (Tex. 2009) (holding that appeals from inmate withdrawal orders are civil matters).

filing of his notice. We directed him to pay the required filing fee or, in lieu thereof, to comply with chapter 14 of the Texas Civil Practice and Remedies Code by filing a statement of inability to afford payment of court costs, a separate affidavit relating to previous filings, and a certified copy of his inmate trust account statement. *See* TEX. CIV. PRAC. & REM. CODE ANN. §§ 14.002(a), 14.004 (West 2017). We further advised Garza that if he did not comply by February 4, the appeal was subject to dismissal without further notice.

Unless a party is excused from paying a filing fee, the Clerk of this Court is required to collect filing fees set by statute or the Supreme Court when an item is presented for filing. *See* TEX. R. APP. P. 5, 12.1(b). To date, Garza has not paid the filing fee or filed the documents required to proceed as indigent under chapter 14 of the Texas Civil Practice and Remedies Code. Instead, on February 1, he responded to our letter by filing a motion to dismiss the appeal. *See* TEX. R. APP. P. 42.1(a)(1).

Accordingly, we dismiss this appeal because Garza failed to comply with a requirement of the appellate rules and by virtue of his voluntary dismissal. TEX. R. APP. P. 42.1(a)(1), 42.3(c).

Per Curiam